IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| ALEXIS ROGERS *on behalf of KCF* | * * * | |
| Plaintiff, | * | |
| v. | * | No. 4:25-cv-00663-JM-JJV |
| | * | |
| MARTIN O'MALLEY, Commissioner, Social Security Administration, | * * * * | |
| Defendant. | * | |

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge James M. Moody Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

**I.   BACKGROUND**

Alexis Rogers, *pro se,* on behalf of her minor child, KCF[1], has appealed the final decision

---

[1] Federal Rule of Civil Procedure 5.2 states that in filings where the name of an individual known to be a minor may only include the minor's initials. The Application to Proceed in District Court Without Prepaying Fees or Costs, Complaint, Brief, and Exhibit List was incorrectly filed with the minor's name. (Doc. Nos. 1, 2, 7, and 8.) Because the minor's name is throughout these documents, rather than redact the name, the Clerk shall place these documents under seal. FED.R.CIV.P. 5.2(d).

of the Commissioner of the Social Security Administration to deny her claim for supplemental security income.  The Administrative Law Judge (ALJ) concluded the child did not have an impairment or combination of impairments that functionally equals a Listed impairment because KCF does not have either "marked" limitations in two domains of functioning or an "extreme" limitation in one domain of functioning.  (Tr. 37-49.)  *See* 20 C.F.R. § 416.926a.

The ALJ first found KCF, a preschooler, had not engaged in substantial gainful activity. (Tr. 38)  The ALJ next found Plaintiff's child had severe impairments in the form of speech and language delays and developmental delays.  (*Id.*)  The ALJ then determined KCF's impairments or combination of impairments did not meet or medically equal a listed impairment.  (Tr. 38-39.) Finally, the ALJ concluded KCF did not have an impairment or combination of impairments that functionally equaled a listed impairment. (Tr. 39-48.) The ALJ stated, "the claimant does not have an impairment or combination of impairments that functionally equals a listing, because the claimant does not have either "marked" limitations in two domains of functioning or "extreme" limitation in one domain of functioning."  (Tr. 48.)  Thus, the ALJ found KCF had not been disabled since November 11, 2022, the date of Plaintiff's application.  (*Id.*)  The Appeals Council concluded there was no basis to change the ALJ's decision; so, the ALJ's decision became the Commissioner's final administrative decision subject to judicial review. (Tr. 1-8); *See* 42 U.S.C. § 405(g).

## II.     STANDARD OF REVIEW

The role of courts under 42 U.S.C. § 405(g) is to determine whether there is substantial evidence in the record to support the decision of the Commissioner, and not to re-weigh the evidence or try the issues de novo.  *See Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).  If substantial evidence supports the Commissioner's findings and they are conclusive, a court should

affirm them. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. A court may not reverse a prior determination based only on a finding that substantial evidence would support an opposite decision. *See Prosch*, 201 F.3d at 1012; *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996). Consequently, a court's review of this case is limited and deferential to the Commissioner. *See Ostronski v. Chater*, 94 F.3d 413, 416 (8th Cir. 1996).

In determining whether an impairment or combination of impairments functionally equals a listing, the ALJ must have assessed the claimant's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating items; (5) caring for themselves; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

To functionally equal a listed impairment, Plaintiff's impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.924(d). Plaintiff has the burden of proving KCF's disability. *See* 42 U.S.C. § 1385c(a)(3)(A); *Ingram v. Chater*, 107 F.3d 598, 601 (8th Cir. 1997). A claimant must meet all the specified medical criteria of the listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). The standard for medical equivalency is similarly demanding. To equal a listing, Plaintiff must present medical findings equal in severity to all the criteria of the listed impairment. *Marciniak v. Shalala*, 49 F.3d 1350, 1351 (8th Cir. 1995) (citing *Sullivan*, 493 U.S. at 530 (an impairment does not meet or equal a listing if it has only some of the medical criteria, no matter how severe)). After careful consideration of the record and pleadings in this case, for the following reasons, I find the decision of the Commissioner is supported by substantial evidence.

**III.    ANALYSIS**

In support of her Complaint, Plaintiff argues, *inter alia,* that the ALJ erred in finding the claimant did not meet Listings 112.10 (Autism Spectrum Disorder), 112.11 (Neurodevelopment Disorders),112.05 (Intellectual Disorder), and 112.02 (Neurocognitive Disorders).  (Doc. No. 7 at 2-3.)  She also says the ALJ failed to consider KCF's combined impairments and failed to consider the educational evidence.  (*Id.* at 3.)  I find Plaintiff's argument to be without merit.

The ALJ went through all six domains considering the school and medical evidence. As previously stated, to prove KCF is disabled, Plaintiff must show "marked" limitations in two of the six domains or an "extreme" limitation in one.   The ALJ found that KCF had:

- less than a marked limitation in acquiring and using information;
- no limitation in attending and completing tasks;
- less than a marked limitation in interacting and relating with others;
- less than a marked limitation in moving about and manipulating objects;
- no limitation in the ability to care for himself; and
- no limitation in health and physical well-being.

(Tr. 40.)

Regarding acquiring and using information, the ALJ concluded KCF had a less than marked limitation.  In coming to this conclusion, the ALJ said:

> The testing showed that the claimant's overall core language skills were in the severely delayed range. He had below average oral language functioning, an average range of articulation, and his receptive and expressive language skills were moderately delayed. His stimulability for production of sounds was limited, his ability to imitate was limited, 1/2 to 2/3 of conversational /connected speech was understood on the first attempt and greater than 2/3 after repetitions. (Ex. 4F). However, both before and after this Consultative Evaluation, the claimant had several batteries of tests and did not qualify for speech therapy. (Ex. 6F/10-12, 13-15). In the November 2023 evaluation (which is the most recent record), the claimant had only mildly delayed receptive and expressive language scores and his articulation skills were within normal limits. His oral, motor, voice, and fluency skills were again adequate. He could follow 2-step directions, answer a variety of questions, and his speech intelligibility was judged good for unfamiliar listeners. (Ex. 6F/10-12). Furthermore, in the February 2023 teacher questionnaire, the claimant only had a slight problem in 2 of the 10 categories of acquiring and using

information, which were understanding school and content vocabulary as well as learning new material. He had no problem comprehending oral instructions, participating in class discussions, applying previously learned material, and applying problem solving skills. (Ex. 11E/7).

(Tr. 44.)

Based on the various testing and school evaluations, the ALJ could rightly come to this conclusion. For example, during a Speech/Language Evaluation on November 2, 2023, Speech-Language Pathologist, Sandra Boatman, determined KCF had mildly delayed to low average receptive and expressive language, but articulation skills were within normal limits. (348.) "Oral motor, voice, and fluency skills were judged to be adequate at this time" and "Speech intelligibility was judged good for unfamiliar listeners. (*Id.*)

ALJ also concluded KCF had a less than marked limitation for interacting and relating with others, saying:

> In February 2022, the claimant's primary care physician indicated that the claimant's risk for autism remains low. He was observed as active, playful, cooperative, and well-developed. (Ex. 3F/9-10). In the November 2022 and May 2023 Function Reports and the July 2023 Disability Report, the claimant's mother indicated that he enjoys being around others, shows affection, and plays tag, but cannot share, take turns, or play board games. (Ex. 1E/8; 8E/6, 8; 10E/2). In the February 2023 teacher questionnaire, he had no observed problems in interacting and relating with others, including no problem playing cooperatively, keeping friends, appropriately expressing anger, following rules, telling stories, using language appropriately, taking turns in a conversation, interpreting facial expressions, and using adequate vocabulary and grammar. The claimant's speech was understandable almost all the time when the topic is known and 1/2 to 2/3 of the time when the topic is unknown. (Ex. 11E/9-10). As indicated immediately above, after concerns over the claimant's limited speech intelligibility, the March 2023 Consultative Evaluation found some moderate to severely delayed speech issues. (Ex. 4F). Yet, the claimant had several batteries of tests (in September 2022 and November 2023) and did not qualify for speech therapy. (Ex. 6F/10-12, 13-15). At the same time, during the claimant's evaluation for EIDT services in September 2022 and 2023, he had significant delays in some social issues qualifying him for services. (Ex. 6F/2-5, 6-9).

(Tr. 45.)

The ALJ found KCF's teacher observed no problems in interacting and relating with others, including playing cooperatively, keeping friends, appropriately expressing anger, following rules, telling stories, using language appropriately, taking turns in a conversation, interpreting facial expressions, and using adequate vocabulary and grammar. (Tr. 259). Additionally, examiners routinely reported that KCF was pleasant and cooperative and easily established rapport during their evaluations. (323, 330, 333, 346, 349.) Based on these observations and reports, substantial evidence supports the ALJ's conclusion that KCF has less than a marked limitation in interacting with others.

The ALJ also found KCF had less than a marked limitation in moving about and manipulating objects. While this one is a closer call, in coming to this conclusion, the ALJ stated:

> In September 2022 and again in August 2023, the claimant qualified for occupational therapy. In the more recent test, the claimant had severe fine motor delays. However, he also showed significant growth, improving by 14 months in the area of grasping, 18 months in visual-motor integration, and 16 months for fine motor function. (Exs. 2F/2-6; 6F/16-21). In October 2022 and November 2023, the claimant also qualified for physical therapy. During the more recent evaluation, he improved slightly on the PDMS-2 and improved his gait and balance. Overall, his gross motor skills were below age-appropriate level. (Exs. 2F/7-10; 6F/27-30). In the February 2023 teacher questionnaire concerning moving about and manipulating objects, the claimant had no problem in 3 categories and only a slight problem with 4 of 7 categories, including demonstrating strength and coordination, integrating sensory input with motor output, and executing controlled motor movements. (Ex. 11E/10). The claimant's mother indicated that he could use a windup toy, but cannot ride a big wheel, print letters, or use scissors. He can usually control his bladder, use utensils, and put toys away. But, he has difficulty with personal care. He cannot tie his shoes or use buttons. He dresses himself but many times the clothes are on backwards. And his mom still needs to bathe him. (Hearing Testimony; Exs. 1E/8-9; 8E/6-7). Overall, the undersigned finds that the claimant has less than a marked limitation in moving about and manipulating objects.

(Tr. 45.)

Here, the ALJ fairly credited Plaintiff's statements regarding KCF's limitations, need for occupational and physical therapy, and severe fine motor delays. (*Id.*) But KCF's teacher reported

on February 7, 2023, that there were no problems or only a slight problem with moving about and manipulation objects. Accordingly, the ALJ's finding here is supported by substantial evidence.

And the ALJ's findings in all other domains are supported by substantial evidence. (Tr. 46.) I find no error in the ALJ's conclusion that KCF had no limitation in attending and completing tasks or in the ability to care for himself or in his health and physical well-being.

The ALJ's decision is also supported by the opinions of Susan Manley, M.D. and Janice Hiegel, M.D. (Tr. 97-108.) The ALJ found these opinions to be persuasive as the doctors considered all the evidence in the record in rendering their findings. (Tr. 47.) While I recognize these doctors did not actually examine KCF their opinions can still constitute substantial evidence upon which the ALJ could rely. This is especially true when their opinions are consistent with the evidence of record.

About Plaintiff's evidence that KCF has been diagnosed with autism. This evidence was not considered by the ALJ as it was procured on July 4, 2025 - a year after the ALJ's decision. It is not a part of the administrative transcript and only appears as an attachment to Plaintiff's Brief. (Doc. No. 8 at 5-7.) I agree with the Commissioner that the law precludes me from considering this later acquired evidence. 42 U.S.C. § 405(g); *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997) ("Section 405(g) generally precludes consideration on review of evidence outside the record before the Commissioner during the administrative proceedings."). I also agree with the Commissioner that, on this record, a sentence six remand is not warranted as there is no showing that this condition existed prior to May 29, 2024. To the contrary, evidence in this record reveals KCF's risk of autism was low. (Tr. 300-301.)

## IV.   CONCLUSION

The overall evidence provides substantial support for the ALJ's determination that KCF

was not disabled. Plaintiff has not met her burden of proving disability. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and Plaintiff's Complaint be dismissed with prejudice.

DATED this 4th day of December 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE